UNITED STATES v. MORIMURA BROS. (No. 1814).[1]

1. PLEADING—PROTEST—EVIDENCE—BURDEN OF PROOF—CONTINGENT-FEE AGREEMENTS.

Following United States v. Emery-Bird-Thayer Dry Goods Co. (8 Ct. Cust. Appls., 150; T. D. 37273), decided concurrently herewith, it is not necessary for the protest to allege compliance with the provision of paragraph N of section 3, tariff act of 1913, forbidding contingent-fee agreements, nor does the burden of proof rest upon the protestant to show such compliance.

2. BAMBOO OR CHIP BASKETS—TOYS.

Small, colored bamboo or chip baskets, each containing an artificial chick, are dutiable as bamboo or chip baskets (par. 175, tariff act of 1913), and not as toys (par. 342).

## United States Court of Customs Appeals, May 21, 1917.

APPEAL from Board of United States General Appraisers, G. A. 8019 (T. D. 36959).

[Affirmed.]

Bert Hanson, Assistant Attorney General, for the United States.
B. A. Levett for appellees.

[Oral argument May 11, 1917, by Mr. Hanson and Mr. Levett.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case consists of small baskets of bamboo, or chip, colored, each containing an artificial chick. They were returned as toys, and were accordingly assessed with duty at the rate of 35 per cent ad valorem under paragraph 342, tariff act of 1913.

The importers protested, claiming assessment at the rate of 25 per cent ad valorem under the provisions for bamboo or chip baskets in paragraph 175 of the same act.

The Board of General Appraisers sustained the protest, and the Government appealed.

The chief contention in the case at the trial before the board related to the question whether the protestants were bound to allege in the protest and prove in chief at the trial that they had complied with the statutory inhibition against agreements for contingent fees (paragraph N of section 3, tariff act of October 3, 1913). This question is considered at length by the court in the concurrent case of United States v. Emery-Bird-Thayer Dry Goods Co., herewith reported, and consequently will not be enlarged upon here.

In our opinion the decision of the board regarding the proper classification of the merchandise, as well as the question of practice in relation to the contingent-fee provisions of the statute, was correct, and the same is affirmed.

---

[1] T. D. 37275 (33 Treas. Dec., 49).